**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | |
| **TITI NOIMOT SONEKAN,** | **Case No. 17-14327-LSS** |
| | **(Chapter 7)** |
| **Debtor.** | |

**MOTION TO DISMISS FOR ABUSE**

Movant Judy A. Robbins, the United States Trustee for Region 4 ("United States Trustee"), by and through undersigned counsel, hereby asks this Court for an order dismissing this case for abuse under 11 U.S.C. §§ 707(b)(2) and (b)(3).  In support thereof, the United States Trustee states as follows:

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), (b); and 28 U.S.C. § 157.

2.       On March 29, 2017, Debtor Titi Noimot Sonekan, a/k/a Titi Noimot Mumuni, ("Debtor"), *pro se*, filed a voluntary petition for relief under the liquidation provisions of Chapter 7 of the Bankruptcy Code (Dkt. 1).

3.       On her petition, the Debtor stated that her debts are primarily consumer debts (Dkt. 1 at p. 6).

4.       Michael G. Wolff was appointed and serves as Chapter 7 Trustee.

5.       The Chapter 7 Trustee conducted the first meeting of creditors ("341 Meeting") on May 2, 2017.   However, the meeting was continued to June 6, 2017, so that this *pro se* Debtor could provide certain books and records.

6.       After he received these documents, the Chapter 7 Trustee referred this case to the United States Trustee for further investigation.

7.      The United States Trustee and the Debtor appeared at the June 6, 2017 continued

341 Meeting.

8.      The United States Trustee is conducting an investigation into 727 issues in

connection with this Debtor.   The United States Trustee has requested and received an extension

of the 727 deadline up to and including September 5, 2017.   (Dkt. 17, 18.)

9.      On June 6, 2017, the Chapter 7 Trustee determined that this is a "no-asset" case.

(Dkt. 12.)

10.      Pursuant to 11 U.S.C. § 704(b)(1)(a), the United States Trustee timely filed a

Statement of Presumed Abuse ("10-Day Statement") on June 15, 2017.   (Dkt. 13.)

11.      Pursuant to Section 704(b)(2), this Motion is timely filed within thirty (30) days of

the 10-Day Statement.[1]

12.      On Schedule A/B, the Debtor lists as real property the "Family Resident [*sic*] [at]

14307 Driftwood Road, Bowie, MD 20721".   (Dkt. 1 at p. 23.) On Schedule D, the Debtor lists

$406,551 in secured debt.   (*Id.* at p. 37.)   On Schedule E/F, the Debtor lists $23,900 in unsecured

priority debt and $157,392 in unsecured nonpriority debt.[2]   (*Id.* at p. 21.)

13.      At the 341 Meeting, the Debtor testified that she is a Certified Public Accountant.

On her profile on www.upwork.com, she lists herself as "Accountant, Controller/CFO and

Experienced CPA" with 17 years of experience.

https://www.upwork.com/o/profiles/users/_~01f72a549010e0e87e/.   On her resume on

LinkedIn.com, she states that she is "[a] financial executive with over 15 years of experience

---

[1]      The Motion is due on Saturday, July 15, 2017.   Pursuant to Fed. R. Bankr. P. 9006(a)(1)(C), the deadline was thus extended to Monday, July 17.

[2]      The Debtor does not summarize her debts on the actual Schedules E/F, so these amounts are taken from the Summary of Assets and Liabilities.   On Schedule E/F, the Debtor lists all of her unsecured debts as priority, which is plainly not correct.

serving as a Chief Financial Officer, Controller, and Director of Finance of not-for-profit and

government contracts segments."   She further states that she is "[s]killed in analyzing data, . . .

Solid background in financial reporting and analysis."

14.     The Debtor is married to a pharmacist, who has not sought bankruptcy relief

("Non-Filing Spouse").   (Dkt. 1 at p. 53.)

15.     According to Schedule I, she and her Non-Filing Spouse earn gross monthly

income of $11,698 and net income of $7,290.   (Dkt. 1 at p. 53-54.)

16.     Annually, the household's gross monthly income totals $140,376.00.

17.     On Schedule J, the Debtor states that her monthly expenses total $10,098.00, and,

therefore, her net monthly income totals **(-$2,808.00).**   (Dkt. 1 at p. 57.)

## This Case is Presumptively Abusive

18.     Section 707(b)(2)(A)(i) requires the Court to presume that a debtor's chapter 7

filing is an abuse of the provisions of chapter 7 if the debtor's current monthly income reduced by

permitted deductions and multiplied by 60 is equal to or greater than 25% of the debtor's

nonpriority unsecured claims or $7,700, whichever is greater, or is greater than $12,850.

19.     The Debtor filed the Statement of Current Monthly Income and Means Test

Calculation ("Form B22A") in which she indicates that the presumption of abuse does not arise.

(Dkt. 4.)

20.     On her Form B22A, the Debtor states that she has net income of **(-$2,356.20)**.

(Dkt. 4 at p. 10.)

21.     However, the Debtor appears to have made significant errors on Form B22A, and,

thus, the United States Trustee believes that this case is presumptively abusive.   When these

errors are corrected, upon information and belief, the Debtor will have sufficient income to fund a plan to repay her creditors.

22.    First, there may be a discrepancy in her household size.   On Form B22A, she states she has a household of three (3). (Dkt. 4 at p. 2).   On Schedule I, she lists four dependents, including her Non-Filing Spouse.   (Dkt. 1 at p. 55.)   This may have been an error in her favor. Notably, the dependents listed on Schedule I who are also listed on her 2016 tax return are all over the age of 17.   If these dependents are adults, the Debtor should explain their income and their contributions to the household expenses.   She has not.

23.    On page 3 of Form B22A, the Debtor takes a deduction for "CAR LOAN PAYMENT" of $540. (Dkt. 4 at p. 3.).   However, no concomitant secured creditor is listed on Schedule D, although the Debtor does identify a 2002 Lexus as an asset on Schedule A/B.   (Dkt. 1 at pp. 24, 37.)   Later on Form B22A, the Debtor states that she owns two (2) vehicles.   (Dkt. 4 at p. 5.)   These discrepancies must be harmonized.

24.    In addition, on Line 13 and 14 of Form B22A, the Debtor takes deductions for a total of $942 for two vehicles for which she has not scheduled lease or loan payments.   The Supreme Court has held that if a bankruptcy debtor does not have a car loan or car lease encumbering her motor vehicle, she may not claim a "transportation ownership/lease expense" on the means test form.   *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 131 S.Ct. 716, 724-26 (2011).   Without further evidence, these deductions are not appropriate.

25.    On Line 16 of Form B22A, the Debtor lists $2,733.00 in monthly tax deductions. (Dkt. 4 at p. 7.) However, the Debtor may have overstated her tax liability.   She has not produced any pay advices and did not produce her 2016 State tax return.   However, her Federal tax return

for 2016 does not appear to support the amount of this deduction.    Thus, the amount on Line 16 may need to be reduced.    *See, e.g.*, *In re Lawson*, 361 B.R. 215, 222-23 (Bankr. D. Utah 2007) (Deductions on Line 25 should reflect actual tax liability, not the amount debtor chooses to withhold); *In re Johnson*, 346 B.R. 256, 269 (Bankr. S.D. Ga. 2006) (same).

26.    On Line 17 of Form B22A, the Debtor lists $825 in involuntary deductions.    The United States Trustee has requested documents in support of this expense; however, none have been produced.

27.    On Line 18 of Form B22A, the Debtor lists $105 in monthly expenses for life insurance.    (Dkt. 4 at p. 7.)    No life insurance is listed as an asset on Schedule A/B.

28.    The Debtor lists $200 in additional medical expenses on Line 22 and $420 in Optional telephones and telephone services on Line 23.    (Dkt. 4 at p. 6.)    The United States Trustee has requested documents in support of these expenses; however, none have been produced thus far.

29.    On Line 26, the Debtor lists $1,200 in monthly costs for "Continuing contributions to the care of household or family members."    (Dkt. 4 at p. 8.)    The Debtor has produced no documents evidencing these expenses. Finally, these expenses do not appear to be included on Schedule J.    (Dkt. 1 at pp. 55-57.)

30.    There are other problematic deductions.    The Debtor lists $308 in additional home energy costs on Line 28 and additional food and clothing expenses of $43 on Line 30.    Again, the Debtor has produced no documents to support these expenses.

31.    Finally, the Debtor lists continuing charitable contributions of $300 per month on Line 31 of Form B22A.    (Dkt. 4 at p. 8.)    On her Statement of Financial Affairs, the Debtor states

that she has made no charitable contributions in the past 2 years pre-petition of more than $600. (Dkt. 1 at p. 15.) Indeed, her 2016 Federal tax return shows an annual charitable contribution of only $130. Clearly, either the statement on Form B22A or the statement on the SOFA is not correct.

32. In short, there are significant and critical errors on the Debtor's filings. Because of these problems, it is difficult to quantify the presumption of abuse. After discovery, the United States Trustee expects to be able to quantify these amounts more precisely.

33. Pursuant to 11 U.S.C. § 707(b)(2)(B)(i), the presumption of abuse may be rebutted only by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent that such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

34. Upon information and belief, the Debtor is not in the military. The Debtor has listed as special circumstances two student loans, but it is not clear whether these are the Debtor's or one of her children's expenses. (Dkt. 4 at p. 11.) In any event, these are not the special circumstances envisioned by the Bankruptcy Code. Based on her testimony at the 341 Meeting, the Debtor may have medical issues, but the United States Trustee needs further discovery on this issue.

35. In conclusion, this Debtor may be able to fund a meaningful repayment plan to creditors in this case.

### This Case is Otherwise An Abuse Under 11 U.S.C. § 707(b)(3)

36. In this case, dismissal is warranted under Section 707(b)(3) of the Bankruptcy Code because the totality of the circumstances demonstrates abuse and because the Debtor may have filed this case in bad faith. Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief

would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -

(A) whether the debtor filed the petition in bad faith; or

(B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3).

37.     The Debtor reports on Schedule J that her monthly net income is **(-$2,808.00)**.
(Dkt. 1 at p. 57.)

38.     As discussed *supra*, however, the Debtor has made significant mistakes on her filings.   If the issues discussed previously are reconciled and the Debtor adjusts Schedules I and J to conform to actual liabilities and reasonable expenses, there likely would be additional income available to pay creditors.

39.     In addition, the Debtor may have understated her income on Schedule I.   Although she states on Schedule I that her unemployment compensation of $1,700 monthly will end in April 2017 (Dkt. 1 at p. 54), the Debtor testified at the 341 Meeting that she has obtained a new job and is earning additional income.   In the Section 707(b) context, it is appropriate to consider changed circumstances, including changes in income, when evaluating a motion to dismiss.   *See, e.g., In re Hageney*, 422 B.R. 254, 261-62 (Bankr. E.D. Wash. 2009) (Court considered husband's current, higher income when evaluating totality of circumstances under Section 707(b)(3)); *In re Lipford*, 397 B.R. 320, 328 (Bankr. M.D. N.C. 2008) (Under totality of circumstances, courts must look to future income and expenses)).   *See also United States Trustee v. Cortez (In re Cortez)*, 457 F.3d 448, 455 (5th Cir. 2006)(Finding under previous, tougher "substantial abuse" standard, courts must

consider post-petition events – including changes in income – occurring until discharge)).

40.      Finally, the evidence in this case suggests that this Debtor has initiated her case in bad faith. This is a sophisticated debtor, an experienced Certified Public Accountant who, by her own admissions on several websites, has served as a Chief Financial Officer for various non-profit organizations. *See, e.g., Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 355-56 (4ᵗʰ Cir. 2007) (finding bankruptcy court properly may consider debtor's sophistication in context of objections to discharge).   Yet, her Schedules, SOFA and Form B22A are rife with errors.   One example is her deduction on Form B22A for a life insurance policy that is not disclosed as an asset.   Further, she appears to have made other critical omissions on her pleadings. Her 2016 tax returns show that she owns and manages two businesses; but neither business is disclosed on her Schedules or her SOFA. The question on the SOFA is particularly straightforward, asking if a debtor has operated any type of business within four (4) years pre-petition.   A debtor with a CPA background should be answering this and other questions completely and accurately.

41.      The Debtor's "ability to pay a significant dividend to creditors and the failure to do so standing alone can be an abuse of chapter 7, absent mitigating factors." *In re Calhoun*, 396 B.R. 270, 276 (Bankr. D. S.C. 2008), *aff'd sub nom. Calhoun v. U.S. Trustee*, 650 F.3d 338 (4th Cir. 2011).   As previously discussed, the United States Trustee is not aware of any such mitigating circumstances.

42.      Upon information and belief, the bankruptcy petition was not filed because of sudden illness, calamity, disability or unemployment.

43.      The Debtor should not be allowed a discharge without contributing all available

disposable income to repay unsecured creditors through a Chapter 13 plan.   To do otherwise would be an abuse of the bankruptcy system.

44.     Pursuant to Local Bankr. R. 9013-2, the United States Trustee relies solely upon the present motion, and no additional memorandum of fact or law will be filed in support.

45.     Pursuant to Local Bankr. R. 9013-6, the United States Trustee consents to entry of final orders or judgments by the Bankruptcy Court in this matter.

WHEREFORE, the United States Trustee respectfully requests that the Court dismiss this case under 11 U.S.C. § 707(b)(2) and (b)(3) and grant such other and further relief as may be necessary and appropriate.

Dated: July 14, 2017                                            Respectfully submitted,

                                                                             **JUDY A. ROBBINS**
                                                                             United States Trustee for Region 4
                                                                             By Counsel:


                                                                             */s/ Jeanne M. Crouse*
                                                                             Jeanne M. Crouse, Bar No. 05329
                                                                             6305 Ivy Lane, Suite 600
                                                                             Greenbelt, MD   20770
                                                                             (301) 344-6219
                                                                             Fax: (301) 344-8431
                                                                             E-mail: jeanne.m.crouse@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2017, I caused to be served true and correct copies of the United States Trustee's Motion to Dismiss for Abuse and proposed Order:

***By ECF Notification Upon:***

- Kyle J. Moulding      bankruptcymd@mwc-law.com
- Michael G. Wolff      trustee@wolawgroup.com,
  mwolff@ecf.epiqsystems.com;dgodfrey@wolawgroup.com

***And by First-Class U.S. Mail, Postage Pre-paid, Upon:***

American Express Centurion Bank
c/o Beckett and Lee, LLP
PO Box 3001
Malvern, PA 19355 -0701

Titi Noimot Sonekan
14307 Driftwood Road
Bowie, MD 20721
*Debtor*

*/s/ Jeanne M. Crouse*
Jeanne M. Crouse
